UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Mark Vetter,<br><br>            Plaintiff,<br>v.<br>Harris & Harris, Ltd.,<br><br>            Defendant. | Civil Action No.: _____<br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Mark Vetter, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Mark Vetter ("Plaintiff"), is an adult individual residing in Kensington, Maryland, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, Harris & Harris, Ltd. ("Harris"), is an Illinois business entity with an address of 111 W. Jackson Boulevard, Suite 400, Chicago, Illinois 60604, operating as a

collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

<strong><u>ALLEGATIONS APPLICABLE TO ALL COUNTS</u></strong>

### A. <u>The Debt</u>

6. A financial obligation (the "Debt") was allegedly incurred to an original creditor (the "Creditor").

7. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Debt was purchased, assigned or transferred to Harris for collection, or Harris was employed by the Creditor to collect the Debt.

9. Harris attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. <u>Harris Engages in Harassment and Abusive Tactics</u>

10. In or around January 2021, Harris began calling Plaintiff in an attempt to collect the Debt allegedly owed by Carlton Smith and/or Lionel Smith (the "Debtors").

11. During the initial conversation, Plaintiff informed Harris that the Debtors were unknown to him and unreachable at his telephone number.

12. Knowing that they had the wrong number to reach the Debtors, Harris continued to call Plaintiff in an attempt to collect the Debt, causing Plaintiff a significant amount of inconvenience and annoyance.

### C. <u>Plaintiff Suffered Actual Damages</u>

13. Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

14. As a direct consequence of the Defendant's acts, practices and conduct, Plaintiff

suffered and continues to suffer from anger, fear, frustration and stress.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

15. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. The Defendant's conduct violated 15 U.S.C. § 1692b(1) in that Defendant contacted third parties for purposes other than to confirm or correct location information.

17. The Defendant's conduct violated 15 U.S.C. § 1692b(3) in that Defendant contacted third parties in regards to the Plaintiff's debt on numerous occasions, without being asked to do so.

18. The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

19. The Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

20. The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

21. The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

22. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

23. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

24.     The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE MARYLAND CONSUMER DEBT COLLECTION ACT
## MD. CODE COMM. LAW § 14-201, et seq.

25.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26.     The Defendant are each individually a "collector" as defined under MD. Code Comm. Law § 14-201(b).

27.     The debt is a "consumer transaction" as defined under MD. Code Comm. Law § 14-201(c).

28.     The Defendant repeatedly contacted the Plaintiff with the intent to harass or abuse, in violation of MD. Code Comm. Law § 14-202(6).

29.     The Plaintiff is entitled to damages proximately caused by the Defendant's violations.

## COUNT III
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

30.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31.     The *Restatement of Torts, Second,* § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

32.     Maryland further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Maryland state law.

33.     The Defendant intentionally intruded upon Plaintiff's right to privacy by

continually harassing the Plaintiff with the above referenced repeated telephone calls.

34. The telephone calls made by the Defendant to the Plaintiff were so persistent and repeated with such frequency as to be considered "hounding the plaintiff" and "a substantial burden to her existence," thus satisfying the *Restatement of Torts, Second,* § 652(b) requirement for an invasion of privacy.

35. The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

36. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendant;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant;
4. Actual damages pursuant to MD. Code Comm. Law § 14-203;
5. Actual damages pursuant to MD. Ann. Code. Bus. Reg. § 7-401(b);
6. Actual damages from the Defendant for the all damages suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: October 10, 2021

                Respectfully submitted,

                By   /s/ Sergei Lemberg
                Sergei Lemberg, Esq.
                LEMBERG LAW, L.L.C.
                43 Danbury Road, 3rd Floor
                Wilton, CT 06897
                Telephone: (203) 653-2250
                Facsimile:  (203) 653-3424
                ATTORNEYS FOR PLAINTIFF